1
2
3
4
5
6
7  UNITED STATES BANKRUPTCY COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9  In re

10  STEVE COLBY THOMPSON,                                    No. 10-10415

11                          Debtor(s).
    _____/

12  STEPHEN and SHARON MAYO,

13

14                          Plaintiff(s),

15          v.                                       A.P. No. 10-1054

16  STEVE COLBY THOMPSON,

17                          Defendant(s).
    _____/

18

19                          Memorandum After Trial
                          _____

20

21          In 2002, plaintiffs Stephen and Sharon Mayo hired Thompson Design Architects ("TDI") to

22  undertake a substantial renovation of their home in Mill Valley, California.  Chapter 7 debtor and

23  defendant Steve Thompson was a licensed architect and principal of the corporation.  He was also a

24  former local planning commissioner and a member of a regional design review board.

25          Mistakes were evidently made, and the Mayos sued Thompson in state court for breach of

26  contract and negligence.  In the spring of 2011, a jury returned a verdict in the Mayo's favor for

                                              1

$287,500.00.  Thompson then filed his bankruptcy petition.[1]

Even grossly incompetent work does not result in a nondischargeable debt.  The Mayos now argue that Thompson defrauded them and their judgment is accordingly nondischargeable pursuant to § 523(a)(2) of the  Bankruptcy Code.  They argue that Thompson falsely represented to them that his son, who worked with Thompson at TDI, was a licensed architect when in fact he was not.  The Mayos assert that if they had known the truth they would not have hired TDI.  The court finds that the Mayos have not met their burden of proof on these assertions, and in fact have not proved a single element of fraud.

First, the Mayos have not proved a false statement.  They rely on their contract, which includes a curriculum vitae for Thompson and his son; nowhere does it say that the son was also a licensed architect.  He did not need to be.  He had a degree in architecture.  There was nothing in the contract materials that was false, nor did Thompson make any false representations in any way to the Mayos.

Second, there was no intent to defraud.  To the extent that the statements in the contract materials were misleading (which the court does not find), they were manifestations of a father's pride in his son's accomplishments and were not made with fraudulent intent.

Third, the court does not find the Mayos' testimony that they relied on the son's status as a licensed architect to be credible.  The court finds it much more likely that they selected TDI because of Steve Thompson's experience in local government.  It was undisputed that up until litigation was commenced the Mayos never met the son or had even spoken to him on the phone.  The son was essentially completely uninvolved in the Mayos' project.

Lastly, there is no nexus between the supposed misrepresentation and the Mayos' damages.  Not only was the son uninvolved in the project, but even if he had been there was no evidence that the mistakes would not have been made if the son was a licensed architect.

For the foregoing reasons, the Mayos shall take nothing by their complaint, which will be

---

[1]Actually, he filed two petitions; the first was dismissed.

2

dismissed with prejudice. The court would ordinarily award Thompson his costs of suit, but it is not

inclined to do so in this case because Thompson filed two bankruptcy petitions, causing the Mayos to

have to file two bankruptcy complaints, and because Thompson's attorney failed to comply with the

basic provisions of the court's pretrial order. If Thompson believes that he is entitled to costs

notwithstanding these offenses, he shall file an appropriate motion. Otherwise, he shall submit a form

of order which merely dismisses the complaint. The court strongly suggests the latter.

      This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and

FRBP 7052.


Dated:  January 21, 2012


Alan Jaroslovsky
U.S. Bankruptcy Judge

3